IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ALTERIK JAMES BAKER,  )
 )
    Petitioner, )
 )
v. ) Civil Action No. 3:17CV657–HEH
 )
MR. BEALE, )
 )
    Respondent. )

## MEMORANDUM OPINION
(Denying Petitioner's Rule 60(b) Motion)

Alterik James Baker, a Virginia inmate proceeding *pro se,* filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1)[1] challenging his convictions of two counts of rape in the Circuit Court of Prince Edward County, Virginia ("Circuit Court"). By Memorandum Opinion and Order entered on August 1, 2018, the Court denied the § 2254 Petition and dismissed the action. (ECF Nos. 37, 38.) Baker appealed. (ECF No. 40.) On March 14, 2019, the United States Court of Appeals for the Fourth Circuit dismissed Baker's appeal. (ECF No. 47.) On March 29, 2019, Baker filed his Motion for Relief under Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b) Motion," ECF No. 49.)[2]

As pertinent here, in his § 2254 Petition, Baker demanded relief upon the following grounds:

---

[1] The Court corrects the capitalization and spelling in the quotations from Baker's submissions. The Court employs the pagination assigned to Baker's submissions by the CM/ECF docketing system.

[2] Baker submitted another copy of his Rule 60(b) Motion on May 10, 2019. (ECF No. 52.)

| | |
|---|---|
| Claim 1 | The evidence was insufficient to support Petitioner's two convictions of rape. (ECF No. 1, at 5.) |
| Claim 3 | Petitioner failed to receive the effective assistance of counsel during the trial when:<br>(e) Counsel failed to argue his motion to strike at the end of the prosecution's case. (*Id.* at 4–5.) |
| Claim 4 | Petitioner failed to receive the effective assistance of counsel at the end of the guilt phase and after the guilt phase when:<br>(a) Counsel failed to renew his motion to strike at the end of the defense's case. (*Id.* at 5). |

The Court found that Baker had defaulted Claim 1. (ECF No. 37, at 11.) Baker asserted the ineffective assistance of counsel constituted cause to excuse his default of Claim 1. (*Id.*) The Court rejected that contention because Baker could not demonstrate he was prejudiced by counsel's failure to properly raise and preserve a challenge to the sufficiency of the evidence. (*Id.* at 13.) Relatedly, the Court concluded that Baker failed to demonstrate that he was prejudiced by counsel's failure to renew his motion to strike and dismissed Claims 3(e) and 4(a). (*Id.*)

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party ... from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) "must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party ...." *Coleman v. Jabe*, 633 F. App'x 119, 120 (4th Cir. 2016) (quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)). A party must also demonstrate "exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204,

2

207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (quoting *Werner*, 731 F.2d at 207).

Here, Baker seeks relief under Rule 60(b)(6), hence, under Federal Rule of Civil Procedure 60(c)(1), he was required to file his motion within a reasonable time after the entry of the August 1, 2018 Memorandum Opinion and Order. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Baker's Rule 60(b)(6) Motion, filed more than six months after the entry of the challenged judgment, was not filed in a reasonable time. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245 (4th Cir. 1974); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))). Moreover, for the reasons set forth in the August 1, 2018 Memorandum Opinion, Baker fails to demonstrate he has a meritorious claim. Accordingly, Baker's Rule 60(b) Motion (ECF Nos. 49, 52) will be denied. The Court will deny a certificate of appealability.

An appropriate Order will accompany this Memorandum Opinion.

                                                   /s/
                                      HENRY E. HUDSON

Date: May 30, 2019            SENIOR UNITED STATES DISTRICT JUDGE
Richmond, Virginia