IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ALTERIK JAMES BAKER, )
)
    Petitioner, )
)
v. ) Civil Action No. 3:17CV657–HEH
)
MR. BEALE, )
)
    Respondent. )

## MEMORANDUM OPINION
(Denying Motion to Alter or Amend)

Alterik James Baker, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1)[1] challenging his convictions of two counts of rape in the Circuit Court of Prince Edward County, Virginia ("Circuit Court"). By Memorandum Opinion and Order entered on August 1, 2018, the Court denied the § 2254 Petition and dismissed the action. (ECF Nos. 37, 38.) Baker appealed. (ECF No. 40.) On March 14, 2019, the United States Court of Appeals for the Fourth Circuit dismissed Baker's appeal. (ECF No. 47.) On March 29, 2019, Baker filed his Motion for Relief under Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b) Motion," ECF No. 49.)[2] By Memorandum Opinion and Order entered on May 30, 2019, the Court denied Baker's 60(b) Motion. (ECF Nos. 53, 54.)

---

[1] The Court corrects the capitalization and spelling in the quotations from Baker's submissions. The Court employs the pagination assigned to Baker's submissions by the CM/ECF docketing system.

[2] Baker submitted another copy of his Rule 60(b) Motion on May 10, 2019. (ECF No. 52.)

Thereafter, Baker filed a Motion to Alter or Amend under Federal Rule of Civil Procedure 59(e) challenging the Court's denial of his Rule 60(b) Motion. (ECF No. 56.)

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Baker apparently argues that Rule 59(e) relief should be granted to correct a clear error of law or to prevent manifest injustice. Baker, however, fails to demonstrate that the Court committed any error of law. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (noting that a "'Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995))). Accordingly, Baker's Motion to Alter or Amend (ECF No. 56) will be denied. A certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Oct. 16, 2015
Richmond, Virginia

2